**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

**LEONORD METAYER,**

      **Petitioner,**

**vs.**                                                                                  **Case No. 4:11cv238-RH/WCS**

**ERIC H. HOLDER, JR. et al.,**

      **Respondents.**

_____/

## REPORT AND RECOMMENDATION

Petitioner initiated this case on May 26, 2011, by filing a petition for writ of

habeas corpus under 2 U.S.C. § 2241, doc. 1.  Petitioner has now paid the filing fee for

this case, docs. 3-4, and review of the petition is now appropriate.

Petitioner reports that his native country is Haiti, although he became a lawful

permanent resident of the United States in 1993.  Doc. 1, p. 1.  Petitioner states that he

entered immigration custody on January 3, 2011, and he was ordered removed by an

Immigration Judge on February 14, 2011.  *Id.*  Because Petitioner states he did not

appeal the order of removal, *Id.*, at 4, the order became final on February 14, 2011.  *Id.*,

at 1.  Petitioner contends it is unlikely that he will be removed in the reasonably

foreseeable future, *Id.*, at 6, and he seeks release from detention under <u>Zadvydas</u>.  *Id.*,

at 7.

In <u>Zadvydas v. Davis</u>, 533 U.S. 678, 121 S.Ct. 2491, 150 L.Ed.2d 653 (2001), the

Supreme Court held that "once removal is no longer reasonably foreseeable, continued

detention is no longer authorized."  533 U.S. at 699, 121 S.Ct. 2491.  Additionally, the

<u>Zadvydas</u> Court "held that the presumptive period during which the detention of an alien

is reasonably necessary to effectuate his removal is six months; after that, the alien is

eligible for conditional release if he can demonstrate that there is 'no significant

likelihood of removal in the reasonably foreseeable future.' " <u>Zadvydas</u>, 533 U.S. at 701,

121 S.Ct. 2491, *explained in* <u>Clark v. Martinez</u>, 543 U.S. 371, 377-378, 125 S.Ct. 716,

722 (2005).  The six months period of time is calculated from the time a removal order

becomes "final."  <u>Clark</u>, 125 S.Ct. at 728; *see also* <u>Benitez v. Wallis</u>, 402 F.3d 1133,

1135 11th Cir. 2005).  Pursuant to § 1231(a)(1)(B), the removal period does not begin to

run until the latest of:

(1) The date the order of removal becomes administratively final.

(2) If the removal order is judicially reviewed and if a court orders a stay of
the removal of the alien, the date of the court's final order.

(3) If the alien is detained or confined (except under an immigration
process), the date the alien is released from detention or confinement.

8 U.S.C. § 1231(a)(1)(B).  As the Eleventh Circuit concluded in <u>Akinwale v. Ashcroft</u> that

the "six-month period [ ] must have expired at the time Akinwale's § 2241 petition was

filed in order to state a claim under <u>Zadvydas</u>."  <u>Akinwale v. Ashcroft</u>, 287 F.3d 1050,

1052 (11th Cir. 2002).  In <u>Akinwale</u>, the petitioner filed the § 2241 petition after having

been in detention for only four months.  *Id.*, at 1051.  It is not enough that the period of

time expired by the time the petition is ruled on the by the court, the <u>Zadvydas</u> period

must have expired before the petition is filed.  287 F.3d at 1051-52.  This case is

controlled by <u>Akinwale</u>.  Petitioner filed this case on May 26, 2011, which is only three

months, one week and five days beyond the final order of removal.  Thus, as a matter of

law, the petition must be dismissed as it was prematurely filed.

**CONCLUSION**

In light of the foregoing, it is respectfully **RECOMMENDED** that the § 2241

petition filed by **LEONORD METAYER,** doc. 1, be **DISMISSED** because it was

prematurely filed and because Petitioner failed to demonstrate that he was entitled to

relief pursuant to <u>Zadvydas v. Davis</u>, 533 U.S. 678, 121 S.Ct. 2491, 150 L.Ed.2d 653

(2001).

**IN CHAMBERS** at Tallahassee, Florida, on June 16, 2011.


 s/      William C. Sherrill, Jr.
**WILLIAM C. SHERRILL, JR.**
**UNITED STATES MAGISTRATE JUDGE**



**NOTICE TO THE PARTIES**

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 10 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**